IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DWAYNE J. NORTON,

    Plaintiff,

vs.                                                Case No. 4:05cv261-RH/WCS

JON S. WHEELER,

    Defendant.

_____/

## O R D E R

    Plaintiff, proceeding *pro se*, filed a document titled as a "mandatory and preliminary injunction an injunction relief and for damages." Doc. 1. Plaintiff also filed an *in forma pauperis* motion, doc. 2, which has been granted in a separate order.

    Plaintiff's recent pleading, doc. 1, is treated as petition for writ of mandamus because Plaintiff has requested as relief that this Court order the Defendant, the Clerk of Court for the Florida First District Court of Appeal, to reinstate a mandamus action Plaintiff had attempted to litigate in that court. Doc. 1, p. 3. Plaintiff also wants monetary damages from the Defendant and an injunction to prevent "all other illegal practice an in [sic] future." *Id.*

Attached to Plaintiff's petition, doc. 1, is a copy of a one-page order from the First District Court of Appeal which states: "The petition for writ of mandamus will be treated by this courts as a motion for rehearing of the order of June 1, 2005, and is denied." Doc. 1, p. 4.  Defendant Wheeler certified "that the foregoing is (a true copy of) the original court order."  *Id.*

As Plaintiff should be aware from his previously filed petition requesting a writ of mandamus against a Magistrate Judge of this Court, *see* case number 4:05cv166-WS/WCS, "it is inappropriate to file a separate case to challenge proceedings in another case."  Doc. 7, of case 4:05cv166.  That case was just recently dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  This case cannot challenge the result from the State court.

Plaintiff also filed another case in this Court, 4:05cv104-MP/AK, and at this time Plaintiff has not yet complied with the court order to submit a complaint.  Nevertheless, this case is noted for Plaintiff because when considered with the instant action, 4:05cv261, Plaintiff has filed three cases in this Court.  One case has been dismissed for a reason that counts as a "strike" under 28 U.S.C. § 1915(g).  Should Plaintiff receive three such strikes, he will be forever barred from filing a case in the federal courts without full prepayment of the filing fee at the time of case initiation absent very limited circumstances.

Plaintiff is advised that this case does not appear viable.  Clerks of Court are entitled to immunity from monetary damages in lawsuits which challenge the performance of routine duties.  Here, Plaintiff is attempting to challenge Defendant Wheeler's actions in providing Plaintiff with a copy of a court order issued from the First

District Court of Appeal.  The document Plaintiff attached to the petition here is a copy of a court order, not an arbitrary action of the Defendant in refusing relief to Plaintiff. This is the performance of a routine duty of a Clerk of Court.  It is well established that a court clerk who has merely entered an order and notified the parties of that order is protected by qualified immunity from damages.  Williams v. Wood, 612 F.2d 982 (5th Cir. 1980); Rheuark v. Shaw, 547 F.2d 1257, 1259 (5th Cir. 1977); Qualls v. Shaw, 535 F.2d 318, 319 (5th Cir. 1976).  Immunity is appropriate because the clerk is performing a ministerial function "at the direction of the judge."  Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975); McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972).[1]  Because Defendant Wheeler is protected by this immunity, Plaintiff's complaint could not proceed.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), an action may be dismissed on the basis that a prisoner is suing a Defendant who is immune from suit.  Bryant v. United States, 71 F.Supp.2d 233, 237 (S.D.N.Y. 1999).  As Plaintiff is attempting to do so, he is advised that this case should be dismissed under § 1915(e), giving him a second "strike" as explained in § 1915(g).

Furthermore, this Court does not have authority to review the decision of the Florida First District Court of Appeal.  If this Court were to consider Plaintiff's claim and afford him the injunctive relief he seeks, it would necessarily involve reviewing an order

---

[1] Absolute immunity from damages may also be granted to Court clerks in certain situations.  See, e.g., Zimmerman v. Spears, 428 F.Supp. 759, 762 (W.D.Tex.), aff'd on other grounds, 565 F.2d 310 (5th Cir. 1977) (enforcing summons); Weaver v. Thomas, 399 F.Supp. 615, 617 (S.D.Tex.1975) (refusing to file petition without required fee); Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959).

from the state court and overturning that Order.  This Court is not an appellate court and cannot reverse a state court ruling.

Plaintiff is given an opportunity by this order to voluntarily dismiss this action under FED. R. CIV. P. 41(a) because it appears frivolous and seeks monetary relief against an immune Defendant.  Plaintiff is on the verge of accumulating three strikes and should consider the serious implications of pursuing these claims in light of 42 U.S.C. § 1915(g).

Accordingly, it is

**ORDERED:**

1.  Plaintiff shall have until **September 7, 2005**, in which to file a notice of voluntary dismissal pursuant to FED. R. CIV. P. 41(a), or risk dismissal under 28 U.S.C. § 1915(e).

2.  No action will be taken on Plaintiff's "petition," doc. 1, at this time.

3.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's response to this order, a filing of a notice of voluntary dismissal, or no later than September 7, 2005.

**DONE AND ORDERED** on August 8, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**